**RACHEL T. BEATY and DAVID BEATY, her husband, and ROBERTA S. B. HORTON and LUCIEN HORTON, her husband, v. INLET BEACH, INC., a corporation.**

7 So. (2nd) 1                                          En Banc
February 20, 1942

Miller & Fitzsimmons and McCune, Hiaasen & Fleming, for appellants.

E. F. P. Brigham, for appellee.

WHITFIELD, J.:

Motion is made to dismiss the appeal herein. Final decree was entered herein April 22, 1941, but was not recorded until after May 5, 1941, by order of the court. On April 23, 1941, the defendants filed a motion to vacate the final decree and for stay order. On the same day the court ordered the Clerk to withhold from the records of the court the final decree filed April 22, 1941, but not yet recorded, and to refrain from cancelling the deeds of conveyance specified in the final decree filed April 22, 1941, until the further order of the court.

On May 5, 1941, the court made an order that the final decree dated April 22, 1941, be actually recorded by the clerk as of April 22, 1941, and further "ordered, adjudged and decreed that the Clerk of this Court defer the making of any notation on the deed records as instructed by the Final Decree, until disposition by this Court of Defendants' petition or petitions which have heretofore been filed, or shall be filed herein on May 9, 1941."

On May 9, 1941, defendants filed a petition for rehearing. On June 23, 1941, the court denied the motion to vacate the final decree of April 22, 1941, and ordered that "the holding then made be adhered to," and that said decree be modified as stated in the

order or decree of June 23, 1941. On October 22, 1941, an appeal was taken from the final decree of April 22, 1941, and also from the order or decree of June 23, 1941.

In view of the proceedings as above stated after April 22, 1941, the effective date of the entry of the final decree for the purpose of taking an appeal is from and after June 23, 1941, and not from April 22, 1941.

As the appeal was taken within six months from June 23, 1941, and within sixty days from October 1, 1941, when Chapter 20441, Acts of 1941, became effective, and as the appeal is not shown to be frivolous, the motion to dismiss the appeal is denied on the authority of De Bowes v. De Bowes, City of Miami Beach v. G. A. P. Company, and Scott v. Wellacott, decided at this term.

The legal effect of the controlling law as stated in the above cited cases is:

"Under Chapter 20441, Acts of 1941, where a writ of error or an appeal is taken from a judgment, decree or order which was entered before noon of October 1, 1941, such writ of error or appeal must be duly taken within sixty days after noon October 1, 1941, *and also within* six months after the date of the judgment or the entry of the decree or order appealed from. A writ of error or an appeal from a judgment, decree or order that was entered after noon of October 1, 1941, must be taken within sixty days after the date of the judgment or the entry of the decree or order appealed from."

Motion to dismiss appeal denied.

It is so ordered.

BROWN, C. J., TERRELL, BUFORD, CHAPMAN, THOMAS, and ADAMS, JJ., concur.